IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-315-WDM-PAC

JAMES GRIESER and
SABRINA GRIESER,

    Plaintiffs,

v.

ANTHONY JAMES SANCHEZ,

    Defendant.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on defendant Anthony Sanchez's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party pursuant to Rule 19, to strike pursuant to Rule 19(c), or for a more definite statement pursuant to Rule 12(e). Sanchez contends that plaintiffs James and Sabrina Grieser (the Griesers) should have joined additional persons as plaintiffs under Rule 19(a). I have reviewed the parties' written arguments and conclude that oral argument is not required. For the reasons that follow, the motion will be denied without prejudice.

### Background

The Griesers seek damages for the destruction of their property in a fire on March 31, 2004 (the Picnic Rock Fire). Sanchez has pleaded guilty in state court to Fourth Degree Arson in setting the fire and has been ordered to provide restitution to

the Griesers and five other persons or entities.[1] Motion to Dismiss, Exhibit B. Sanchez asserts that other entities not named in the restitution order may also have a claim against him related to the Picnic Rock Fire.

In the state court complaint removed to this Court, the Griesers allege Sanchez was negligent in starting the fire. They do not name as plaintiffs any other persons claiming an interest relating to the Picnic Rock Fire.

## Standards of Review

A motion to dismiss for failure to join a party is resolved by applying Rule 19. *Davis v. United States*, 192 F.3d 951, 957 (10th Cir. 1999). Under that Rule, I apply "a three-step process to determine whether the action should be dismissed for failure to join a purportedly indispensable party." *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001). First, I must decide whether the absent persons are necessary. Rule 19(a).

According to Rule 19(a), an absent person must be joined as a party to a lawsuit if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple,

---

[1] Another claimant is listed but restitution was reserved until documentation was submitted. It is not clear from the record whether this has been provided to the state court.

2

or otherwise inconsistent obligations by reason of the claimed interest.

If the absent persons are necessary, I must then determine whether they may be joined as parties. Feasability of joinder turns on factors such as whether the absent persons are subject to service of process, whether their joinder will deprive the court of subject matter jurisdiction, and whether the absent persons are immune from suit. Rule 19(a); *Citizen Potawatomi Nation*, 248 F.3d at 997.

Third, if joinder is not feasible, I must decide whether the absent persons are "indispensable" under Rule 19(b), "*i.e.*, whether in 'equity and good conscience' the action can continue" in their absence. *Id.* Relevant factors for this determination include:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 19(b).

Sanchez bears the burden of demonstrating that the absent persons are necessary and indispensable. *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999).

## Discussion

Sanchez's motion to dismiss focuses only on whether the absent persons are necessary parties under Rule 19(a)(2). He does not carry the analysis further to

discuss whether the persons may be joined as parties or, if not, whether they are indispensable parties such that dismissal is required.

With respect to whether the absent persons are necessary, Sanchez argues that his financial ability to satisfy any judgment against him is limited and that the primary source of funds, an insurance policy with limits of $300,000, falls short of the $803,351.71 provided in the restitution order. He asserts that, in light of these limited resources, the disposition of this action in the absence of other persons claiming an interest related to the Picnic Rock Fire would impede those persons' abilities to protect their interests. He also contends that failure to join other persons would place him at a substantial risk of incurring multiple or otherwise inconsistent obligations. Other than citing to Rule 19, Sanchez provides no authority for his arguments, nor does he explain how his financial condition renders the persons necessary parties other than to paraphrase Rule 19(a)(2)(i) and (ii).

I agree with the Griesers that Sanchez would not be subject to multiple or inconsistent obligations in the absence of other plaintiffs because he may only be held liable for damages incurred by the Griesers. They acknowledge they cannot recover the same damages both in this lawsuit and under the restitution order.

The Griesers rely on *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361 (10th Cir. 1982), to argue that any interests claimed by other persons affected by the Picnic Rock Fire would be separate and distinct from those asserted by the Griesers and thus would not be impaired by continuation of this lawsuit in their absence. In

*Harris*, however, the Tenth Circuit focused only on whether a passenger in a car involved in a multiple-vehicle accident was an indispensable party to a lawsuit for damages arising from the accident. 687 F.2d at 1367. The court did not address whether the passenger, who was granted leave to intervene as a party-plaintiff, was a necessary party to the original plaintiff's lawsuit. In reply, Sanchez distinguishes *Harris* on the ground that that case did not involve a defendant with limited financial resources to satisfy absent claimants. Neither party provides any relevant authority.

In *Citizen Potawatomi Nation*, the Tenth Circuit agreed with the district court that absent Indian tribes were necessary parties to an action by one tribe challenging the government's calculations of funding due the tribe where the absent tribes and the plaintiff tribe had entered an agreement regarding division of future federal funding. 248 F.3d at 999. The Tenth Circuit acknowledged that "for purposes of Rule 12(b)(7) necessary party analysis the Rule does not protect 'inchoate' interests." *Id*. at 998 (citation omitted). The court concluded, however, that the agreement among the tribes created a protected interest for the absent tribes in the funding decisions at issue. *Id*.

Similarly, the restitution order entered in the state criminal case could be interpreted to create a protected interest for the absent persons in the resources available to satisfy that order. Based upon this analysis, I conclude that the other persons listed in the restitution order, and any other persons or entities who may claim an interest related to restitution by Sanchez for damages arising from the Picnic

5

Rock Fire, are necessary parties to this lawsuit pursuant to Rule 19(a)(2)(ii).

To resolve Sanchez's motion to dismiss fully, I should now turn to whether these necessary parties may be joined in this action. Although the restitution order lists addresses for five of the persons or entities entitled to restitution, it does not indicate their citizenship for purposes of determining whether their joinder would affect this Court's subject matter jurisdiction.[2] Accordingly, I cannot determine on the record before me whether joinder of the necessary parties is feasible. Further, I do not reach the issue of whether the parties are indispensable as this issue arises only if joinder is not feasible.

I decline to strike the Grieser's complaint for failure to comply with Rule 19(c) or to order them to provide a more relevant statement pursuant to Rule 12(e). Instead, I direct them to file an amended complaint, adding the necessary parties as plaintiffs (or as involuntary plaintiffs if necessary) or to show cause why joinder of these parties would defeat subject matter jurisdiction in this Court or would be otherwise not feasible. In the latter event, I will direct the parties to brief the issue of indispensability

---

[2] The Griesers raise the possibility that allowing Sanchez to force joinder of other plaintiffs would result in dismissal of this case if the other plaintiffs did not satisfy the $75,000 jurisdictional amount in controversy requirement. This issue has been resolved by the Supreme Court's recent opinion in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, ___ U.S. ___, 125 S. Ct. 2611, 2620-25 (2005), in which the Court held that, where at least one plaintiff satisfies the amount-in-controversy requirement, a district court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims by diverse parties arising out of the same case or controversy.

under Rule 19(b).

    Accordingly, it is ordered:

1. The motion to dismiss pursuant to Rule 12(b)(7), to strike pursuant to Rule 19(c), or for a more definite statement, filed February 22, 2005, is denied without prejudice.

2. On or before October 5, 2005, the plaintiffs shall file an amended complaint adding the necessary parties as plaintiffs or shall show cause why such amendment is not feasible.

DATED at Denver, Colorado, on September 8, 2005.

                                        BY THE COURT:

                                        /s/ Walker D. Miller
                                        United States District Judge